# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ALEXIA HARRIS,** | ) CASE NO. |
| Plaintiff, | ) <br> ) JUDGE |
| vs. | ) <br> ) **COMPLAINT** |
| **PF DEVELOPMENT 15, LLC dba KINDRED AT HOME,** | ) <br> ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |

Plaintiff Alexia Harris, by and through counsel, for her Complaint against Defendant, PF Development 15, LLC dba Kindred at Home, states and alleges as follows:

## PARTIES

1. Plaintiff is an adult individual residing in Cuyahoga County, Ohio.

2. Defendant is a corporation that is registered to do business in Ohio. Defendant regularly conducts business in this District. Defendant can be served through its statutory agent, CT Corporation System, 4400 Easton Common Way, Suite 125, Columbus, Ohio 43219.

3. During all times relevant to this Complaint, Defendant was an employer covered by the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (the "FMLA").

4. At all times material to this Complaint, Plaintiff was an eligible employee of Defendant as defined by 29 U.S.C. § 2611(2) because Plaintiff was employed by Defendant for more than twelve (12) months and worked at least 1,250 hours for Defendant during the relevant twelve (12) month period.

## JURISDICTION AND VENUE

5. Jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the FMLA, 29 U.S.C. § 2611.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (2).

## STATEMENT OF FACTS

7. Defendant provides in home skilled nursing care and rehabilitative therapy to individuals.

8. Plaintiff worked for Defendant as a full-time employee from approximately August 2015 to March 2017.

9. Plaintiff worked out of Defendant's office in Bedford Heights, Ohio as a Quality Coordinator and a Clinical Manager.

10. In or around March 2017, Plaintiff was diagnosed with a serious health condition which required her to need time off of work.

11. Plaintiff had requested information regarding FMLA from her director Lori Szorady, which Ms. Szorady failed to provide.

12. On or around March 15, 2017, Plaintiff found the information regarding FMLA leave herself and filed for FMLA leave due to her serious health condition.

13. On or around March 23, 2017, Plaintiff received a letter from Defendant informing her that she was being terminated.

14. Defendant had a progressive discipline policy, which it did not follow when terminating Plaintiff's employment.

15. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has and will continue to suffer damages.

## COUNT I
### (Violation of FMLA – Interference)

16. Plaintiff restates each of the previous paragraphs of this Complaint as if fully rewritten herein.

17. At all relevant times, Defendant was an employer as defined in the FMLA, and Plaintiff was an eligible employee entitled to rights under the FMLA.

18. Plaintiff's medical condition constituted a serious health condition as defined in the FMLA.

19. Plaintiff required time off of work due to her serious health condition.

20. Plaintiff informed Defendant of this need for FMLA leave and Defendant was otherwise aware of such need.

21. Defendant interfered with Plaintiff's FMLA leave, even though she had serious health condition as that term is defined in the FMLA, she was eligible for FMLA, and Defendant is an FMLA covered employer.

22. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has and will continue to suffer damages. Plaintiff is entitled to recover, without limitation, damages equal to wages, salary, employment benefits, other compensation denied or lost and/or actual monetary losses, plus interest, liquidated damages and attorneys' fees and costs.

## COUNT II
### (Violation of FMLA – Retaliation)

23. Plaintiff restates each of the previous paragraphs of this Complaint as if fully rewritten herein.

24. At all relevant times, Defendant was an employer as defined in the FMLA, and Plaintiff was an eligible employee entitled to rights under the FMLA.

25. Plaintiff's medical condition constituted a serious health condition as defined in the FMLA.

26. Plaintiff required time off of work due to her serious health condition.

27. Plaintiff informed Defendant of this need for FMLA leave and Defendant was otherwise aware of such need.

28. Plaintiff engaged in a statutorily protected activity by requesting information regarding FMLA and filing for FMLA leave.

29. Plaintiff was informed she was being terminated within ten days of filing for FMLA leave, and, therefore, suffered an adverse employment action.

30. Defendant terminated Plaintiff's employment in response to her participation in statutorily protected activity.

31. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has and will continue to suffer damages. Plaintiff is entitled to recover, without limitation, damages equal to wages, salary, employment benefits, other compensation denied or lost and/or actual monetary losses, plus interest, liquidated damages and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Awarding Plaintiff compensatory damages;

2. Awarding Plaintiff liquidated damages;

3. Awarding Plaintiff her reasonable costs and attorney fees; and

4. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Christopher J. Lalak*
**NILGES DRAHER LLC**
Christopher J. Lalak (0090079)
Michaela M. Calhoun (0093546)
7266 Portage St. NW, Suite D
Massillon, OH 44646

>Telephone: (330) 470-4428
>Fax: (330) 754-1430
>Email: clalak@ohlaborlaw.com
>mcalhoun@ohlaborlaw.com
>
>*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

>/s/ *Christopher J. Lalak*
>Christopher J. Lalak
>
>*Counsel for Plaintiff*